UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

| | | |
|---|---|---|
| TREVON MORCEIL JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 2: 17-180-WOB |
| | ) | |
| V. | ) | |
| | ) | |
| JAMES L. ERWIN, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **& ORDER** |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Trevon Morceil Johnson is an inmate formerly confined at the Grant County Detention Center located in Williamstown, Kentucky. Proceeding without counsel, Johnson previously filed a group of documents which were docketed for administrative purposes as a civil rights complaint pursuant to 42 U.S.C. § 1983. [R. 1]. However, a review of these documents showed that Johnson actually submitted a series of six different form complaints and other forms, none of which are the form approved for use by this Court.

Because the confusing presentation of Johnson's multiple claims made it difficult, if not impossible, to understand the factual allegations purportedly supporting each of his claims, on December 19, 2017, the Court entered an Order finding that Johnson's submission failed to adequately state a claim for relief as required by Federal Rule of Civil Procedure 8. [R. 9]. However, in the interest in fairness, the Court directed the Clerk of the Court to provide Johnson with a new form complaint. Johnson was instructed that, if he wished to pursue this matter, he must complete and file the supplied forms within 30 days. Johnson was further warned that this matter would be dismissed without prejudice if he failed to do so. [*Id.*].

Although the Court did receive a notice of change of address from Johnson on December 20, 2017, indicating that Johnson had been moved to the Kenton County Detention Center in Covington, Kentucky [Record No. 12], the Clerk of the Court mailed a copy of the Court's December 19, 2017 Order to Johnson at his new address on December 20, 2017. Over thirty days have now come and gone from this date without any response from Johnson. The Court will therefore dismiss the complaint without prejudice for want of prosecution and for failure to comply with an Order of the Court. Fed. R. Civ. P. 41(b); *Palasty v. Hawk*, 15 F. App'x 197, 199-200 (6th Cir. 2001).

The authority of a federal trial court to dismiss a plaintiff's action for failure to prosecute "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash Rwy. Co.*, 370 U.S. 626, 629-630 (1962). *See also Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980) ("It is clear that the district court does have the power under [Fed. R. Civ. P. 41(b)] to enter a *sua sponte* order of dismissal.").

In determining whether to dismiss a case for failure to prosecute, the Sixth Circuit has directed courts to consider:

> whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (*quoting Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).

With respect to the first and third factors, a court may consider a party's failure to act in the face of a clear prior warning from the court that the case would be dismissed as an indication of willful noncompliance. *Lovejoy v. Owens*, 1994 WL 91814, at *2 (6th Cir. March 21, 1994)

(*citing Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988)).  Here, Johnson failed to comply with the Court's order directing him to file his complaint on a court-supplied form, despite the Court's clear warning that his failure to do so would result in dismissal of the Complaint.  With respect to the fourth factor, Johnson's incarceration makes the imposition of lesser sanctions, such as monetary or other penalties, difficult or impracticable.

Thus, evaluating all of these factors, the Court concludes that dismissal of plaintiff's complaint, without prejudice, is warranted.  *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (a *pro se* litigant is not afforded special consideration for failure to follow readily comprehended court orders).

Accordingly, **IT IS ORDERED** as follows:

1. Johnson's Complaint [R. 1] is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and for failure to comply with an Order of the Court.

2. The Court will enter an appropriate Judgment.

3. This matter is **STRICKEN** from the Court's docket.

This 29th day of January, 2018.



Signed By:
*William O. Bertelsman* WOB
United States District Judge